UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | Criminal No. 6: 03-41-S-DCR |
| V. | ) | Civil No. 6: 05-418-DCR |
| | ) | |
| JAMES KELLY PENDERGRASS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. | ) | **AND ORDER** |

**        **        **        **        **

This matter is currently pending for consideration of the Petition for a Writ of Habeas Corpus filed by Defendant/Petitioner James Kelly Pendergrass pursuant to 28 U.S.C. § 2255. [Record No. 1] Ordinarily, this matter would be referred to the United States Magistrate Judge for a Report and Recommendation.  However, in light of the issues raised by the Petitioner, the Court will proceed to address this matter without the necessity of a magistrate's report.

The record reflects that, on November 25, 2003, the Petitioner entered a guilty plea to several counts of a multi-count indictment.  A sentencing hearing was held on March 11, 2004. At the conclusion of the sentencing hearing, Pendergrass was sentenced to a total term of imprisonment of 360 months and one day with five years of supervised release to follow.  The Petitioner was also required to pay a $900.00 special assessment.   A corresponding judgment was filed in the case on March 17, 2004.  However, Pendergrass did not file a timely appeal. Instead, after waiting over one year, Pendergrass moved for habeas relief.

-1-

Through the current petition, Pendergrass asks that this matter be "remanded" to this Court for a hearing in accordance with "Blakely v. Washington, Fan Fan, Booker and Shepard v. United States." In making this request, he asserts that he should be re-sentenced so that the undersigned may consider the imposition of a lesser sentence in light of his addition to methamphetamine which, he claims, took away his "power of choice." The Petitioner's argument is misplaced for several reasons.

First, in granting the United States' motion under U.S.S.G. §5K, the Court imposed what it considered to be an appropriate sentence considering all factors (including the Petitioner's drug addition). Further, in addressing the Petitioner's addiction and educational limitations, the Court recommended that Pendergrass participate in the Bureau of Prison's intensive drug education and treatment program and that the Petitioner attempt to complete his GED during his term of incarceration. In making these recommendations, the Court addressed in an appropriate way issues of addiction and deficient education. Second, the Petitioner fails to note that he has waived the right to file a collateral action challenging his guilty plea, conviction or sentence. (*See* Plea Agreement, page 6, ¶ 8; Record No. 91.) Finally, Pendergrass' legal argument ignores the fact that the authorities he relies upon are not to be applied retroactively.

As the Sixth Circuit has held, a defendant's informed and voluntary waiver of the right to collaterally attack his sentence bars relief. *Watson v. United States*, 165 F.3d 486, 486 (6th Cir. 1999). In *Watson*, the plea agreement contained a provision in which the defendant had waived his right to collaterally attack his guilty plea. Citing *Palmero v. United States*, 101 F.3d 702 (Table), 1996 WL 678222 (6th Cir. 1996), the court confirmed that a defendant may waive

-2-

the right to collaterally attack a sentence following entry of a guilty plea.  *Watson*, at 488.  Here, as in *Palmero* and *Watson*, the Defendant's waiver was made in a knowing, intelligent and voluntary fashion.  (*See* transcript of rearraignment, pp. 19-31; Record No. 121.)  Specifically, the following discussion took place with the Petitioner during his rearraignment:

> (BY THE COURT)   There's some waiver language in each plea agreement and I want to make sure that you all understand what you have, the rights you waived or what you're giving up.   I believe it's Paragraph 8 of each of your plea agreements.

> THE COURT:  And, Mr. Smith, I believe this is the same provision for each plea agreement; is that correct?

> MR. SMITH: That's correct, your Honor.

> BY THE COURT:

> Q.   Paragraph 8 of the plea agreement provides that each of you waive the right to appeal and the right to collaterally attack the guilty plea, conviction and sentence in the case, including any order of restitution.

> Mr. Pendergrass, do you understand that by entering into this plea agreement that you're waiving those rights?

> A:  Yes, sir.

> Q.   Now, where the plea agreement refers to collaterally attacking something you understand what that means, to challenge it by filing a separate lawsuit?  Do you understand that?

> A.   Yes, sir.

[Record No. 121, pp. 30-31]  Further, the Petitioner has not claimed that this provision in his Plea Agreement is invalid for any reason.  Thus, Pendergrass has waived his right to file the present collateral action.

In addition to the foregoing reasons, the Petitioner's argument lack merit because the Supreme Court's holding in *United States v. Booker*, 125 S.Ct. 738 (2005), should not be applied retroactively to cases on collateral review. *See Humpress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005; *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005).

For the foregoing reasons, it is hereby

**ORDERED** that Petitioner/Defendant James Kelly Pendergrass' claim for relief is hereby **DENIED**, with prejudice, and his claims are **DISMISSED**. Further, this action is hereby **DISMISSED**, sua sponte, and **STRICKEN** from the Court's docket. A corresponding Judgment will be entered this date.

This 3rd day of August, 2005.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

-4-